

# Norris McLaughlin & Marcus, P.A.
ATTORNEYS AT LAW

January 31, 2011

**VIA ECF**
The Honorable Tonianne J. Bongiovanni, U.S.M.J.
Clarkson S. Fisher & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

    Re: **RBC Bank (USA) v. Riley, Riper, Hollin & Colagreco**
       **CA No. 3:09-cv-00431 (FLW)(TJB)**

Dear Judge Bongiovanni:

  This firm represents plaintiff RBC Bank (USA) ("RBC") in the above matter. Please accept this letter for permission to file a motion on short notice to strike the 170-page brief filed by defendants in support of their discovery motion and for sanctions against defendants, including preclusion from filing discovery motions in this case. It is respectfully submitted that by filing a sixty-page brief with a 110-page Statement of Facts attached to the brief as an "exhibit," defendants are in contempt of Your Honor's January 19, 2011 Order denying defendants' request to enlarge the forty-page limit to 233 pages.

  *Local Civil Rule* 7.1 (b) (1) provides in relevant part: "Unless a . . . Magistrate Judge advises the attorneys otherwise, all motions, <u>regardless of their complexity</u> and the relief sought, shall be presented . . . in the manner set forth in L. Civ. R. 7.1." (Emphasis added). *Local Civil Rule* 7.1 (d) (1) provides in relevant part: "<u>No application will be heard unless</u> the moving papers and a brief, <u>prepared in accordance with L.Civ.R. 7.2</u> . . . are filed with the Clerk." (Emphasis added). *Local Civil Rule* 7.2 (b) provides in relevant part: "Any brief . . . shall not exceed 40 ordinary typed or printed pages . . . . Briefs of greater length will only be accepted if special permission of the . . . Magistrate Judge is obtained prior to submission of the brief."

  Here, Your Honor only granted an enlargement of the page limit to <u>sixty</u> pages. By submitting a 110-page Statement of Facts attached as an exhibit to the sixty-page brief, defendants are playing games and trying to circumvent the Court's express rejection of such a lengthy brief. By letter dated January 17, 2011 (ECF Document 46), defendants asked Your Honor for permission to file their 233-page discovery brief because it "exceeds the forty (40) page limit set by the *Local Rules*." Obviously, defendants were aware of the local rule requirements concerning page limits. We opposed that application by letter dated January 18, 2011 (ECF Document 47). Your Honor denied defendants' application, and instead permitted them sixty pages (ECF Document 48). Now in blatant contempt of that order, defendants file a brief of 170 pages.



NJ: 721 Route 202-206  P.O. Box 5933  Bridgewater, NJ 08807-5933 • P: (908) 722-0700 • F: (908) 722-0755
NY: 875 Third Avenue, 8th Floor  New York, NY 10022 • P: (212) 808-0700 • F: (212) 808-0844
PA: The Paragon Centre, Suite 300  1611 Pond Road  Allentown, PA 18104-2258 • P: (610) 391-1800 • F: (610) 391-1805

www.nmmlaw.com  E: info@nmmlaw.com

NORRIS, MCLAUGHLIN & MARCUS, P.A.

January 31, 2011
Page 2

An example of an even a more subversive end-around Your Judge's Order is the game defendants play with their use of font sizes. Local Civil Rule 7.2 (d) expressly provides in relevant part: "Typeface shall be in 12-point non-proportional font (such as Courier New 12) or an equivalent 14-point proportional font (such as Times New Roman 14). If a 12-point proportional font is used instead, the page limits shall be reduced by 25 percent (e.g., the 40 page limit becomes 30 pages in this font)...."

Our analysis of the font and font size used by defendants in their brief estimates the use of a 12-point Times New Roman font, if not smaller. By using a 12-point Times New Roman font (instead of the required Times New Roman 14-point font), defendants are unilaterally giving themselves an additional fifteen pages. Stated differently, a sixty-page brief that uses a 12-point Times New Roman font "shall be reduced by 25 percent" *Id.* Instead, defendants submit a brief that is fifteen pages longer than what Your Honor authorized. *See e.g. Handron v. Sebelius*, 669 F. Supp. 2d 490 (D.N.J. 2009) ("Defendant filed a 38 page, 12 point font brief in violation of Local Civil Rule 7.2....")

Judges in this district take seriously adherence to the Court's local rules, including those that address page limits of briefs. For example, in *CSR Ltd. v. Cigna Corp.*, 2005 U.S. Dist. LEXIS 29319 (D.N.J. Nov. 21, 2005), the Court admonished:

> This Court notes with disappointment that Defendants included a collection of deposition testimony supporting this argument as an Appendix to its brief. Defendants placed this statement in an Appendix in a rather transparent attempt to avoid the page limitations set forth in Local Civil Rule 7.2(b).
>
> *See e.g., Mirabal v. Comm'r. of Soc. Sec.*, 2009 U.S. Dist. LEXIS 12668 (D.N.J. Feb. 17, 2009) (court struck a 63-page brief); *Baker Industries, Inc. v. Cerberus, Ltd.*, 570 F. Supp. 1237, 1243 n.7 (D.N.J. 1983), aff'd 764 F.2d 204 (3d Cir. 1985) (in the course of an opinion imposing sanctions against a New York law firm, for another example, judge noted that the firm had filed a 100-page brief in violation of the rule); *In re Hypodermic Prods. Antitrust Litigation*, 2007 U.S. Dist. LEXIS 47439 (D.N.J. June 29, 2007); *In re Hypodermic Prods. Antitrust Litigation*, 2007 U.S. Dist. LEXIS 47438 (D.N.J. June 29, 2007) (where briefs referenced pages from other briefs and the combination thus exceeded the page limit, the referenced materials would not be considered).

Aside from the page-limit deficiencies, defendants submit 140 exhibits as part of their motion <u>without any</u> affidavit or attorney certification. *See Miller v. McMann*, 89 F. Supp. 2d 564, 569 n.4 (D.N.J. 2000) ("any exhibits must be attached to an appropriate affidavit or attorney certification, which must be filed with the Clerk of the Court."); *see also J.R. Tobacco of America, Inc. v. ADT Sec. Sys.*, 1999 U.S. Dist. LEXIS 14393 n.1. Defendants' exhibits should also be stricken for failure to adhere to these rules.

Case 3:09-cv-00431-PGS -TJB   Document 50   Filed 01/31/11   Page 3 of 3 PageID: 1567

NORRIS, MCLAUGHLIN & MARCUS, P.A.

January 31, 2011
Page 3

     These rule violations are not simply technical violations that can be cured by refilling in the context of this case. Defendants were well aware of the restrictions placed on them by the rules and Your Honor's ruling concerning their request for a page enlargement, and they still chose to submit a motion that exceeded the page limits. Moreover, because they chose to wait until the last day within which to file their discovery motion, (see Order dated January 3, 2011, ECF Document 45), defendants should be precluded from filing another discovery motion.

     Delays in discovery in this case have been significant and Your Honor is well aware of their history. For example, defendants have requested three extensions[1] of the fact discovery end date, two of which were granted by Your Honor. It is unfair to continue to delay the progression of plaintiff's case, which was filed originally on December 31, 2008 and subsequently removed by defendants to this Court on January 30, 2009, because of the length of time that has elapsed since its filing and because previous extensions have been granted.

     Such conduct should not be rewarded and it flies in the face of L. Civ. R. 26.1(a)'s requirement that "[a]ll parties shall conduct discovery expeditiously and diligently." Moreover, the present fact discovery cut-off date expired on September 30, 2010 per Your Honor's Letter Order dated June 16, 2010 extending certain discovery deadlines (ECF Document 29).

     Consequently, we respectfully request that defendants' brief be stricken and defendants be precluded from filing another discovery motion because the time for any such filing expired on January 28, 2011 per Your Honor's Order dated January 3, 2011 (ECF Document 45).

                                                                      Respectfully submitted,

                                                                      s/ Robert Mahoney

                                                                      ROBERT MAHONEY

cc:     Jeffrey B. McCarron, Esq.

---

[1] See defendants' counsel letters seeking extensions dated March 24, 2010 (ECF Document 24) and August 31, 2010 (ECF Document 32).